PATTINSON *v.* FLAYER.[1]

1. STATUTORY CONSTRUCTION—JUSTICE'S TRANSCRIPTS — JUSTICE'S COURTS—APPEAL AND ERROR.
   A local act which authorizes the taking of an appeal from justice's court in the city of Detroit after motion for a new trial forms an exception or modification to 1 Comp. Laws, § 845, providing for transcripts to the circuit court after judgment in justice's court.

2. TRANSCRIPT FROM JUSTICE'S COURT—VACATING.
   On an appeal being taken from judgment in justice's court, an order may be entered vacating a transcript of the judgment taken to the circuit court under 1 Comp. Laws, § 845, pending a motion for a new trial in justice's court.

Certiorari to Wayne; Murphy, J. Submitted June 23, 1909. (Docket No. 84.) Decided July 15, 1909.

Case in justice's court by Nellie M. Pattinson against Solomon P. Flayer for damages to personal property. Plaintiff recovered judgment, and defendant appealed to the circuit court. Plaintiff took a transcript from the judgment to the circuit court, pending the appeal. An

[1] Rehearing denied December 10, 1909.

order vacating the transcript judgment is reviewed by plaintiff on writ of certiorari.    Affirmed.

*G. Lewis Carter* (*A. W. Sempliner*, of counsel), for appellant.

*Friedman & Smilansky*, for appellee.

MOORE, J.    Plaintiff sued the defendant in the justice's court for the city of Detroit, and obtained judgment for $109.25 on the 21st day of January, 1908.    On the 28th day of January, 1908, she filed a proper affidavit under the general statute, and obtained a transcript of said judgment, which was docketed with the clerk of the circuit court for the county of Wayne.    Upon the 25th day of January, 1908, a motion for a new trial was made in the justice's court in said cause by defendant, which motion was on January 31, 1908, denied.    On January 31, 1908, the defendant appealed said cause to the circuit court for the county of Wayne.    An execution and an alias execution were issued under said transcript, but no proceedings were had thereunder, as action was stayed by the circuit court.    Two motions were made to stay the execution, and, under a stipulation filed, they were regarded as a motion made to vacate the judgment entered upon the transcript, and the said judgment transcript and the transcript were vacated.    It is sought to review this action in this proceeding.    Counsel for plaintiff say the only question in issue is whether a valid transcript could be taken on January 28th, and, if taken, should have been set aside.

Counsel for defendant suggest that there is another question, to wit:    Can a transcript of a justice's court judgment, issued by virtue of section 845, 1 Comp. Laws, cut off the right to appeal or render nugatory an appeal even though taken by virtue of, and in strict accordance with, Act No. 475, Local Acts 1903?

The provisions of the general law in relation to transcripts from justice's court which have been in force a

great many years are to be found in sections 845, 846, 847, 1 Comp. Laws.

Sections 755, 860, 861, 1 Comp. Laws, provide for the immediate issue of execution after the judgment is entered in certain cases. Our attention has not been called to any case holding that the sections of the statute last above named would cut off the right of appeal given by the general statute.

Act No. 475, Local Acts 1903, relates to the justices' courts in the city of Detroit. Section 21 provides as follows:

" The justice before whom any case has been tried, and verdict or judgment rendered, shall have the same power and authority to set aside the verdict or judgment, and grant a new trial therein upon legal cause shown therefor, as the circuit courts of the State possess: *Provided*, That a motion in writing be made and filed with the clerk of said justices' courts within five days after the rendition of verdict or judgment in said case. Said motion shall briefly and plainly set forth the reasons and grounds upon which it is made. Affidavits upon which the motion is founded shall also be filed at the time of filing said motion, and notice of the hearing of such motion, with copy of the motion and affidavits filed as aforesaid, shall be served upon the adverse party, or his attorney, at least two days before the hearing thereof. Such motion shall be determined within two days after the same shall have been heard and submitted, and such motion shall be submitted within one week after the same shall have been filed. The time for taking an appeal from judgment, in case such motion be not granted, shall begin to run from the time when such motion shall be overruled. In no case shall the pendency of such motion stay the issuing and levy of an execution in such case; but in case of a levy under execution pending such motion, no sale of the property so levied on shall be advertised or made until the final determination of such motion."

There is no ambiguity in this language. The contention of the plaintiff involves the holding that there is an inconsistency between the provisions of the general law and of the local act which is the later act. In such a case the

later statute would be regarded as a modification or exception to the earlier one.

See 1 Lewis' Sutherland on Statutory Construction (2d Ed.), at page 465.

"Inconsistency between two statutes, or statutory provisions, in order to avoid a repeal by implication, is sometimes so treated that the later statute or provision is regarded as modifying the earlier in some particular respect, or taking certain things out of its operation, as an exception to it.   *   *   *

"Upon the ground of clearly express intention, it is obvious that the terms of a later special act must control those of a prior general one; and that where they are positively repugnant, not merely cumulative or auxiliary, the former must repeal the latter to the extent of such repugnancy and within the limits assigned to the operation of the special law."   Endlich on Interpretation of Statutes, §§ 215, 216.

It is not necessary to say, and we do not say, that a transcript from the justice's court in Detroit, taken according to the terms of the general law, and before the time in which a motion for a new trial might be made and decided, is prematurely taken, but we do hold that a judgment based upon such transcript may be vacated when an appeal is taken within the terms of the local act.

The order made by the circuit judge is affirmed.

OSTRANDER, HOOKER, McALVAY, and BROOKE, JJ., concurred.